# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

T. R.,                                                    Case No. 17-cv-5587 (ECW)

        Plaintiff,

  v.                                                    **ORDER**

Nancy A. Berryhill, Acting Commissioner
of Social Security,

        Defendant.

---

This matter is before the Court on Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice ("EAJA"). (Dkt. 33.) Plaintiff seeks attorney fees under the EAJA in the amount of $7,702.26. The Commissioner has filed a response to the Petition seeking a reduction in the requested fees. (Dkt. 37.) For the reasons stated below, Plaintiff's Petition is granted in part and denied in part.

## I.      BACKGROUND

On December 29, 2017, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for disability insurance benefits. As part of her motion for summary judgment, Plaintiff challenged the Administrative Law Judge's ("ALJ") evaluation of Plaintiff's treating physician's opinion and the ALJ's evaluation of Plaintiff's symptoms. (Dkt. 21.) On March 8, 2019, this Court granted Plaintiff's motion for summary judgment in part, ordering that case be remanded back to

the ALJ as it related to his determination regarding Plaintiff's subjective symptoms and the resulting weight given to Plaintiff's treating provider.  (Dkt. 29.)

## II.   ANALYSIS

### A.   Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees."  *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted).  Congress has provided for limited exceptions to the general rule.  *See Christianburg*, 434 U.S. at 415. The EAJA is one of those exceptions.  The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by

the agency upon which the civil action is based) which is made in the civil
action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Any attorneys' fees awarded under the EAJA must be

reasonable. 28 U.S.C. § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the

Government lost the case. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)

(citations omitted). However, Plaintiff is entitled to fees unless the Government's

position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir.

2003). The Government bears the burden of proving substantial justification for its

position in the litigation. *Id.* Here, the Government is not claiming that its position was

substantially justified; rather it claims that the fees claimed by Plaintiff's counsel are

unreasonable.

**B.      Reasonableness of Fees and Costs**

**1.      Appropriate Hourly Rate**

Plaintiff, through the Petition of her counsel, as well as his exhibits, requests fees

in the amount of $7,702.26, calculated at the rate of 38.2 hours x $201.63/hour. (Dkt. 33

¶¶ 6-8.) Plaintiff's counsel asserts that the $201.63/hour billing rate is consistent with the

Consumer Price Index ("CPI") for all urban consumers as of December 2017, when the

case was initiated. (Dkt. 33 ¶ 5.) The EAJA provides that "attorney fees shall not be

awarded in excess of $125 per hour unless the court determines that an increase in the

cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

The Eighth Circuit has concluded that this language means "that 'the district court may,

upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)). The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id.* (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted).

The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004). As such, under Plaintiff's calculation, the rate of hourly attorney's fees (including the cost of living adjustment entitled by counsel) would be $125 (statutory rate) x 251.2 (December 2017 CPI)/155.7 = $201.67.

The Government counters that while Plaintiff requests $201.63 for all attorney hours performed from 2017 to 2019, the hourly rates should be based on the CPI for the year in which services were performed:

2017: $125 (statutory rate) x 245.12 (2017 annual average CPI)/155.7 = $196.79

2018: $125 (statutory rate) x 251.233 (2018 annual average CPI)/155.7 = $201.70

2019: $125 (statutory rate) x 253.56 (2019 available average CPI)/155.7 =$203.56

(Dkt. 37 at 2.)  The Court agrees that a "reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." *Knudsen*, 360 F. Supp. 2d at 974.

Neither of the links to the CPI tables cited by the parties are accessible to the Court.  However, based on the base 155.7 CPI for March 1996 relied upon both parties, the Court has determined that they are relying on the Historical Consumer Price Index for All Urban Consumers (CPI-U): U.S. city average.  Based on the update published in June 2019 (which is in the last time work was performed by Plaintiff's counsel) to the All Urban Consumers (CPI-U): U.S. city average,[1] the Court calculates the following applicable hourly rates for the work performed by Plaintiff's counsel between 2017 through 2019:

> 2017: $125 (statutory rate) x 245.12 (2017 annual average CPI)/155.7 = $196.79

> 2018: $125 (statutory rate) x 251.107 (2018 annual average CPI)/155.7 = $201.60

> 2019: $125 (statutory rate) x 254.412 (2019 annual average CPI)/155.7 =$204.25

### 2.    Reasonableness of the Time Expended by Plaintiff's Counsel

The Government also argues that the number of hours claimed by Plaintiff's counsel for services rendered was excessive.  First, the Government argues that the .20 hours billed to "File appeal Electronically with Clerk of Courts" on December 29, 2017 and half of the .3 hours spent on reviewing the Complaint and related service documents on December 29, 2017 should be deducted from the fee award because the tasks

---

[1]    https://www.bls.gov/cpi/tables/supplemental-files/historical-cpi-u-201908.pdf (last visited September 30, 2019).

constitute clerical work. (Dkt. 37 at 2-3.) Clerical activities, including tasks such as filing documents, preparing and serving summons, preparing and serving a civil cover sheet, mailing items to the court or other parties, are not properly reimbursable attorney fees under the EAJA. *See Jean P. R. E. v. Berryhill*, No. 17-CV-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 17, 2019) (citing *Semler v. Berryhill*, No. 16-cv-2445 (TNL), 2018 WL 1512056, at *1 (D. Minn. Mar. 26, 2018)). Given the clerical nature of filing and reviewing service papers, the Court finds that a total deduction of .3 hours in 2017 is appropriate.

In addition, the Government seeks to deduct .7 hours from a total of 1.4 hours expended between 2017 and 2018 for a number of .1-hour entries representing Plaintiff's counsel receiving and reviewing various court filings and orders and .2 hours spent to prepare a request for extension. (Dkt. 37 at 3.) The Court finds that the time spent to review filings and Court orders, which counsel is obligated to do, and the time spent on the extension to be reasonable. The Court will not deduct any time for these tasks.

## C. Conclusion

Based on the above, the Court will award the following reasonable fees to Plaintiff:

2017: 2.7 hours (accounting for the deduction of .3 hours) x $196.79 = $531.33

2018: 32.7 hours x $201.60 = $6592.32

2019: 2.5 hours x $204.25 = $510.63.

**TOTAL: $7,634.28**

Accordingly, the Court finds that Plaintiff must be awarded attorney fees in the amount of $7,634.28.

## III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.     Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice (Dkt. 33)  is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff is **AWARDED** $7,634.28 for reasonable attorney's fees under the EAJA.

2.     In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any pre-existing debts that the litigant may owe to the United States.

3.     Pursuant to the Plaintiff's assignment of attorney fees, Defendant shall send the EAJA payment, after any required offset, to Plaintiff's counsel, Karl E. Osterhout.


DATED: October 2, 2019                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge